UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANNA PEZHMAN ESQ.,                                    **ECF Case**

                Plaintiff,                    25-CV-3946 (RA)

     -against-                                    (Hon. Ronnie Abrams)

AMERICAN ARBITRATION ASSOCIATION; and
BLOOMINGDALES, INC.,

              Defendants.

------------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMERICAN ARBITRATION ASSOCIATION'S MOTION TO DISMISS THE COMPLAINT

---

STRIKOWSKY DRACHMAN & SHAPIRO PLLC
Theodore L. Hecht
111 Broadway, Suite 1103
New York, New York 10006
(212) 970-7111
tlh@strikowsky.com
*Attorneys for Defendant*
*American Arbitration Association, Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii-v

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS .............................................................................................3

    A.   The Parties ...........................................................................................3

    B.   Plaintiff's Arbitration with Bloomingdales Administered by AAA ............................3

    C.   Judicial Confirmation of the Final Award ...................................................5

    D.   Plaintiff's Subsequent Alleged Communications with AAA ......................................6

    E.   Plaintiff's Claims.....................................................................................6

ARGUMENT    ..................................................................................................9

POINT I    AAA IS IMMUNE FROM LIABILITY ....................................................9

POINT II    AAA RULES, AGREED TO BY PLAINTIFF IN HER ARBITRATION AGREEMENT WITH BLOOMINGDALES, BARS THIS ACTION .................15

POINT III    PRINCIPLES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL PRECLUDE THIS LAWSUIT .........................................18

POINT IV    THE COURT LACKS SUBJECT MATTER JURISDICTION ..........................23

POINT V    THE COMPLAINT FAILS TO PLEAD ANY PLAUSIBLE CLAIM.................25

CONCLUSION    ...........................................................................................27

CERTIFICATE OF COMPLIANCE....................................................................28

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amasike v. Geico Ins.*,
No. 03 CV 0416 (RO), 2003 U.S. Dist. LEXIS 9274 (S.D.N.Y. May 30, 2003) .................. 23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................... 9

*Austern v. Chi. Bd. Options Exch., Inc.*,
898 F.2d 882 (2d Cir.) ..................................................................................... 9, 12, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................... 9

*Buechel v. Bain*,
97 N.Y.2d 295 (2001) ............................................................................................. 19, 21

*Buhannic v. Amer. Arb. Ass'n*,
18 Civ. 2430 (ER) 2019 U.S. Dist. LEXIS 167073, at *5 (S.D.N.Y. Sept. 27, 2019) ........... 10

*Canario v. Gunn*,
300 A.D.2d 332 (2d Dep't 2002) ............................................................................... 27

*Cherdak v. Am. Arb. Ass'n*,
443 F. Supp. 3d 134 (D.D.C. 2020) .......................................................................... 13

*Corey v. N.Y. Stock Exch.*,
691 F.2d 1205 (6th Cir. 1982) ............................................................................. 13, 15

*Cort v. Am. Arbitration Ass'n, Inc.*,
795 F. Supp. 970 (N.D. Cal. 1992) ...........................................................................24

*Dowlah v. Am. Arb. Ass'n*,
221 A.D.3d 426 (1st Dep't 2023) .................................................................... *passim*

*Glob. Gold Mining, L.L.C. v. Robinson*,
533 F. Supp. 2d 442 (S.D.N.Y. 2008) ..................................................................... 14, 15

*Hawkins v. NASD*,
149 F.3d 330 (5th Cir. 1998) ..................................................................................... 13

*Honn v. NASD*,
182 F.3d 1014 (8th Cir. 1999) ................................................................................... 13

*Hudnall v. Smith*,
　　EP-21-civ-00106-FM, 2021 2019 111 Civ. LEXIS 13029, at *3-4
　　(W.D. Tex. Aug. 10, 2021) .................................................................................... 17

*Imbruce v. Am. Arb. Ass'n*,
　　No. 15 Civ. 7508 (NRB), 2016 U.S. Dist. LEXIS 130579,
　　at *3 (S.D.N.Y. Sept. 22, 2016) ................................................................. 10, 14, 16

*Int'l Audiotext Network, Inc. v. Amer. Tel. & Telegraph Co.*,
　　62 F.3d 69 (2d. Cir. 1995).........................................................................................4

*Int'l Med. Grp., Inc. v. Am. Arb. Ass'n*,
　　312 F.3d 833 (7th Cir. 2002) .............................................................................. 12, 14

*Jacobs v. Mostow*,
　　69 A.D.3d 575 (2d Dep't) ......................................................................................... 12

*Jean v. Chinitz*,
　　163 A.D.3d 497 (1st Dep't 2018) ............................................................................ 25

*John St. Leasehold, L.L.C. v. Brunjes*,
　　234 A.D.2d 26 (1st Dep't 1996) ...................................................................... *passim*

*Kaufman v. Eli Lilly & Co.*,
　　65 N.Y.2d 449 (1985) ............................................................................................. 20

*Kuruwa v. Am. Arb. Ass'n*,
　　No. 13-cv-2419 (PKC), 2013 U.S. Dist. LEXIS 79107, *1 (S.D.N.Y. Jun. 3, 2013) ............ 17

*Landmark Ventures v. Cohen*,
　　13 Civ. 9044 (JGK), 2014 U.S. Dist. LEXIS 165366,
　　*3 (S.D.N.Y. Nov. 26, 2014)............................................................................. 11, 17

*LLT Int'l Inc. v. MCI Telecomms. Corp.*,
　　69 F. Supp. 2d 510 (S.D.N.Y. 1999) ..................................................................... 26

*Marungo v. Coletti*,
　　No. 23-CV-09655 (PMH), 2025 U.S. Dist. LEXIS 31632 (S.D.N.Y. Feb. 20, 2025) ........... 18

*Matter of Pezhman v. Bloomindales, Inc.*,
　　215 A.D.3d 603 (1st Dep't 2023) ......................................................................... 5, 6

*N.Y. Univ. v. Cont'l Ins. Co.*,
　　87 N.Y.2d 308 (1995) ....................................................................................... 26, 27

*New Eng. Cleaning Servs. v. Am. Arb. Ass'n*,
    199 F.3d 542 (1st Cir. 1999) ................................................. 13

*Newcomb v. Am. Arb. Ass'n*,
    No. 13 Civ. 2468 (LAK) (KNF), 2014 WL 352826 (S.D.N.Y. Jan. 13, 2014) ..................... 11

*Pezhman v. Bloomingdales, Inc.*,
    40 N.Y.3d 905 ................................................................. 5, 6

*Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*,
    477 F.3d 1155 (10th Cir. 2007) ........................................ 12, 14

*Pinkesz Mut. Holdings, L.L.C. v. Pinkesz*,
    139 A.D.3d 1032 (2d Dep't 2016) ......................................... 12

*Ryan v. N.Y. Tel. Co.*,
    62 N.Y.2d 494 (1984) .................................................. 19, 20

*Schwartz v. Pub. Adm'r of Bronx*,
    24 N.Y.2d 65 (1969) ......................................................... 20

*Seligman v. Allstate Ins. Co. (In re Seligman)*,
    195 Misc. 2d 553 (Sup. Ct., Nassau Cnty. 2003) ......................... 17

*Siskin v. Cassar*,
    122 A.D.3d 714 (2d Dep't 2014) ......................................... 12

*Smarter Tools, Inc. v. Chongging SENCI Import & Export Trade Co.*,
    57 F.4th 372 (2d Cir. 2023) ................................................ 26

*Snyder-Plax v. Am. Arb. Ass'n*,
    196 A.D.2d 872 (2d Dep't 1993) ......................................... 24

*T.Col. Metals, L.L.C. v. Dempsey Pipe & Supply, Inc.*,
    592 F.3d 329 (2d Cir. 2010) .............................................. 26

*Thompson v. Cnty. of Franklin*,
    15 F.3d 245 (2d Cir. 1994) ................................................ 18

*Trojan v. Cipolla & Co.*,
    172 A.D.3d 569 (1st Dep't 2019) ......................................... 12

*Vogt v. Am. Arb. Ass'n*,
    No. CC-02-2019-C-94, 2019 U.S. Dist. LEXIS 185662, at *4
    (W. Va. Cir. Ct. Jun. 22, 2019) .......................................... 17

*Wally v. Gen. Arb. Council of the Textile & Apparel Indus.,*
   165 Misc. 2d 896 (Sup. Ct., N.Y. Cnty. 1995) ........................................................ 12

*Wasyl, Inc. v. First Bos. Corp.,*
   813 F.2d 1579 (9th Cir. 1987) ............................................................................... 13

*Weintraub v. Glen Rauch Sec., Inc.,*
   419 F. Supp. 2d 507 (S.D.N.Y. 2005) .................................................................... 11

*Yadav v. NY Stock Exch.,*
   91 Civ. 2256 (CSH), 1992 U.S. Dist. LEXIS 11503,
   ** 3-4 (S.D.N.Y. Aug. 4, 1992) ............................................................................. 11

*Williams Law Group PLLC v. Am. Arbitration Ass'n,*
   No. CV-21-00149-PHX-GMS, 2021 U.S. Dist. LEXIS 149156 ............................24

**Statutes | Rules | Other Authorities**

28 U.S.C. § 1331 ........................................................................................................*passim*

28 U.S.C. § 1332 ....................................................................................................................2

American Arbitration Association Employment Arbitration Rule, R-1 ...........................................1

American Arbitration Association Employment Arbitration Rule, R-42(d) .....................................1

N.Y. Gen. Bus. Law §§ 349, 350 ...................................................................... 2, 26, 27

## PRELIMINARY STATEMENT

Defendant American Arbitration Association, Inc. ("AAA") moves, pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P., to dismiss the complaint of plaintiff Anna Pezhman (the "Complaint") insofar as pleaded against AAA.  The Court should grant AAA's motion on the grounds that:

(1) The Complaint fails to allege any plausible claim against AAA because the well-settled doctrine of arbitral immunity provides AAA with an absolute defense and requires the Complaint's dismissal, with prejudice, pursuant to Rule 12(b)(6).  *See* discussion in Point I, *infra*.

(2) Plaintiff and defendant Bloomingdales, Inc. ("Bloomingdales") are parties to an arbitration agreement providing for the resolution of their employment disputes under AAA's Employment Arbitration Rules ("AAA Rules"). In March 2021, plaintiff filed a demand for arbitration (the "Arbitration") under AAA Rules of her employment claims against Bloomingdales.  AAA Rule, R-1 provides that [t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the AAA. AAA Rule R. 42(d), an incorporated condition in their arbitration agreement, provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules." Since the entirety of the claims herein against AAA are grounded on the allegations, albeit entirely conclusory, speculative and void of any well-pleaded factual allegation, that AAA failed to properly administer the Arbitration, the Court should enforce the AAA Rules, and dismiss the Complaint with prejudice.  *See* discussion in Point II, *infra*.

(3) The Complaint further fails to state any plausible claim against AAA because the doctrines of *res judicata* and collateral estoppel operate to bar this action. The gravamen of plaintiff's conclusory allegations against AAA is that AAA failed to investigate for bias the arbitrator who rendered a final award (the "Final Award") dismissing her claims against Bloomingdales. Post-Arbitration, plaintiff unsuccessfully petitioned the New York State Supreme Court to vacate the Final Award on the ground, *inter alia*, that the arbitrator was biased. The Supreme Court thereafter rendered a final judgment denying plaintiff's petition to vacate and granting Bloomingdale's cross-motion to confirm the Final Award. The Appellate Division unanimously affirmed the Supreme Court and the New York Court of Appeals denied plaintiff leave to appeal further. Plaintiff is thus now precluded from raising the claims alleged in the Complaint. *See* discussion in Point III, *infra*.

(4) The Complaint fails to properly allege any factual basis for federal subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff's allegation that AAA violated her rights of due process under the U.S. Constitution's fourteenth amendment fails to raise any substantial question of federal law as AAA is not a state actor. Although not pleaded, nothing in the Complaint could support diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332. *See* discussion in Point IV, *infra*.

(5) In addition to the above, the Complaint fails to state any plausible state law claim against AAA, including claims for "punitive damages via breach of covenant of good faith and fair dealing," "gross negligence," false advertising in alleged violation of New York General Business Law ("GBL") §§ 349 and 350. *See* discussion in Point V, *infra*.

## STATEMENT OF FACTS

## A. The Parties

Plaintiff is a former employee of Bloomingdales. *See* Complaint, ¶ 1. Plaintiff fails to allege her citizenship. *See* Complaint, generally. She, however, represents on the summons (ECF Doc. 3) her address as 235 East 87th Street, Apt. 12 F, New York, New York 10128.[1] Plaintiff also alleges that she "is a resident of Michigan" with no further detail and fails to allege that she is a citizen of that state. *See* Complaint, ¶ 8.

The Complaint alleges that Bloomindales' "headquarters lie in Manhattan, and it does substantial business in Manhattan." *See* Complaint, § 7. Assuming the reference to Manhattan is New York County, New York, and "headquarters" references Bloomingdales' principal place of business, plaintiff may be alleging that Bloomingdales is a citizen of the State of New York.

AAA is a New York not-for-profit corporation with its principal place of business in New York (see Complaint, ¶ 6). Thus, AAA is a citizen of the State of New York.

## B. Plaintiff's Arbitration with Bloomingdales Administered by AAA

The Complaint alleges that plaintiff and Bloomingdales entered an arbitration agreement binding them to resolve any employment dispute under AAA Rules and designating AAA as the arbitration sponsoring organization and arbitral administrator. *See* Complaint, ¶ 5, 11 (referencing plaintiff and Bloomingdales' arbitration agreement); *See also*, declaration of Theodore L. Hecht dated June 4, 2025 submitted herewith ("Hecht Decl."), Exhibit A (Final

---

[1] In her civil cover sheet, plaintiff states her address as "235 E. 87th Street, Apt. 12F, NY, NY 10128." *See* ECF Doc. 2.

Award) at 1 (referencing plaintiff and Bloomingdales' arbitration agreement providing for the arbitration of any employment disputes under AAA Rules (effective November 1, 2009)).[2]

In March 2021, plaintiff filed with AAA a demand for arbitration against Bloomingdales initiating her arbitration (the "Arbitration") under AAA Rules against Bloomingdales wherein she alleged several employment-related claims. *See* Complaint, ¶5 ("Plaintiff commenced the arbitration process governed by the American Arbitration Association"); Hecht Decl., Exhibit A (the Final Award) at p.2 (identifying the time of the filing of the demand for arbitration and plaintiff's claims against Bloomingdales). Plaintiff's Arbitration was styled *In the Matter of the Arbitration between Anna Pezhman, Claimant and Bloomingdale's Inc., Respondent* (AAA Case No. 01-21-0017-0504). *See* Hecht Decl., Exhibit A (the Final Award) at p.1 (showing caption assigned to the Arbitration proceeding).

Plaintiff and Bloomingdales both agreed to appoint Theodore Cheng as the arbitrator (the "Arbitrator") to hear and determine plaintiff's Arbitration claims. *See* Complaint, ¶ 5 ("Bloomingdales and plaintiff mutually agreed to have Theodore Cheng, Esq. govern the process.").

---

[2] AAA properly submits the Final Award in conjunction with this Rule 12(b)(6) motion because the Complaint specifically references the Award (*see* Complaint, ¶¶ 14-15). *See Int'l Audiotext Network, Inc. v. Amer. Tel. & Telegraph Co.*, 62 F.3d 69, 72 (2d. Cir. 1995) ("'[T]he complaint is deemed to include any written instrument . . . incorporated by reference'" (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The Court may also take judicial notice of the Final Award as it is publicly filed in the record of the Supreme Court and Appellate Division (see New York State Courts Electronic Filing ("NYSCEF") at Electronic Filings, Appellate Courts, Case No. 2022-04760, Doc. 3 ("Appendix") at A4 - A9. Furthermore, the Final Award's authenticity cannot be reasonably challenged. *See* Point II, *infra.* (discussing additional authority to consider documents on a Rule 12(b)(6) motion).

The Arbitrator issued his Final Award on May 17, 2022 dismissing all of plaintiff's claims against Bloomingdales. *See* Complaint, ¶ 14. *See also*, Hecht Decl., Exhibit A (the Final Award).

### C. Judicial Confirmation of the Final Award

After receiving the Final Award, plaintiff commenced a special proceeding in New York State Supreme Court, New York County, styled *Pezhman v. Bloomingdales. Inc.*, Index No. 100595/2022, to vacate the Final Award. *See* Complaint, ¶ 15 ("Plaintiff sought to vacate the award at all levels of state court . . ."); Hecht Decl., Exhibit B (the Supreme Court's Order (Hon. Arlene Bluth) filed October 4, 2022 (the "Supreme Court Order") showing caption of plaintiff's special proceeding). Plaintiff sought to vacate the Final Award on several grounds, including the Arbitrator's alleged impartiality and bias. *See* Complaint, ¶ 15; Hecht Decl., Exhibit B (the Supreme Court's Order) at p. 4.

After full briefing by the parties, the Supreme Court denied plaintiff's petition to vacate the Final Award and granted Bloomingdales' cross-motion to confirm the Final Award. The Supreme Court specifically determined that "[t]here is absolutely no evidence of bias against petitioner" and "the arbitration decision was rational, and [the Arbitrator] thoughtfully considered each of petitioner's claims and carefully explained why each claim failed. His determination to dismiss petitioner's claims was rational and justified." Hecht Decl., Exhibit B (the Supreme Court Order) at 4.[3]

---

[3] The Complaint specifically references the Supreme Court Order, a publicly filed document, and subsequent Appellate Division and Court of Appeals' Orders. *See* Complaint, ¶¶ 15-16. The Court may take judicial notice of these Orders.

Plaintiff then appealed the Supreme Court Order to the Appellate Division, First

Department. *See* Complaint, ¶ 15. The Appellate Division, after full briefing by the parties,

rendered a unanimous decision affirming the Supreme Court. *See id. See, also*, *Matter of*

*Pezhman v. Bloomindales*, Inc., 215 A.D.3d 603, 603 (1st Dep't 2023) (the Appellate Division's

reported decision).

Upon the Appellate Division's affirmance, plaintiff sought leave to appeal to the New

York State Court of Appeals. The Court of Appeals denied plaintiff such leave. *See* Complaint,

¶ 15 ("the court of appeals denied taking her case"); *Pezhman v. Bloomingdales, Inc.*, 40 N.Y.3d

905 (Table), 2023 LEXIS 1766, *1 (Mot. No. 2023, Oct. 19, 2023) (denying plaintiff's motion

for leave to appeal).

### D.  Plaintiff's Subsequent Alleged Communications With AAA

Plaintiff further alleges that no less than six months after the Court of Appeals denied her

leave to appeal, and two years after the Arbitrator issued the Final Award, she contacted an

attorney for AAA demanding that AAA conduct an investigation of the Arbitrator and

Bloomingdales, and plaintiff now alleges dissatisfaction with the attorney's response. *See*

Complaint, ¶ 16.

### E.  Plaintiff's Claims

The Complaint alleges the following claims against AAA:

Count III: "Breach of Covenant of Good Faith and Fair Dealing (AAA)" (Complaint, ¶¶

51-57). Plaintiff alleges, without a single well-pleaded factual allegation, that she "entered a

valid contract with AAA to arbitrate her employment disputes with Bloomingdales" (Complaint,

¶ 48); "[p]laintiff duly relied on the central promises that the AAA would engage in efficacious

conflict management" (Complaint, ¶ 53) and AAA would "investigate" the Arbitrator's behavior

that plaintiff alleges calls into question his "neutrality, during the arbitration and after" (*see id.*);
"AAA intentionally deprived plaintiff of the benefits" of appropriately investigating the
Arbitrator for conflicts and deprived plaintiff of a "fair proceeding" (*see* Complaint, ¶¶ 54 -55).
Plaintiff "demands compensatory and consequential damages in the amount of 2.5 million
dollars." *See* Complaint, Request for Relief, ¶ c.

Count IV: "Punitive Damages VIA Breach of Covenant of Good Faith and Fair Dealing"
(Complaint, ¶¶ 58-66). This claim appears to be a duplication, with some additional conclusory
embellishment, of the allegations in Count III and is similarly devoid of any well-pleaded factual
allegations. Plaintiff, alleges that "in the instant case, AAA disemboweled its promise by
concealing misconduct [by the Arbitrator] via failing to investigate specific allegations" [4]
(Complaint, ¶ 62) and; "this misbehavior [by the Arbitrator] aimed not only to prevent plaintiff
from receiving a fair hearing but also evince a reckless disregard for plaintiff's rights of due
process in light of the court's imposition of attorneys' fees and costs" (Complaint, ¶ 63)[5];
"[p]laintiff has thereby suffered financial loss and the AAA's reckless conduct has risen to a
reprehensibility worthy of punitive damages" (Complaint, ¶ 65). Plaintiff demands "punitive
damages in the amount of 7 million dollars." Complaint, Request for Relief, ¶ d.

Count V: "Gross Negligence" (Complaint, ¶ 67-74): The claim, like Counts III and IV,
fails to set forth any well-pleaded factual allegations, but relies exclusively on conclusory
statements. Plaintiff alleges that AAA had a duty to prevent collusion and "*ex parte*"
communications between Bloomingdales and the Arbitrator (*see* Complaint, ¶ 68); and "AAA's

---

[4] Plaintiff fails to identify any specific allegation.

[5] This allegation is perplexing as no court imposed attorneys' fees.

lack of care formed a substantial factor in the collusion that took place between Bloomingdales and [the Arbitrator] Cheng." Complaint, ¶ 70. Plaintiff demands "compensatory damages in the amount of 2.5 million dollars." Complaint, Request for Relief, ¶ e.

Count VI: "False Advertising" (Complaint, ¶¶ 75-80): Plaintiff alleges that AAA publishes "AAA Statement of Ethical Principles" which sets for the aspirational statements that "AAA embraces the core values of integrity" (Complaint, ¶ 77) and "We develop and practice the highest ethical standard. We communicate openly, honestly and directly. We ensure that the integrity of the ADR process is preserved." Complaint, ¶ 78. Plaintiff concludes, without any factual content, that "[t]he lack of response and lack of investigation demonstrated that the statements propounded by the AAA were misleading." Complaint, ¶ 80. Plaintiff alleges that "AAA has thereby violated NY Gen Bus L § 350-A and 349 (2023)." Complaint, § 80. Plaintiff demands "60,000 dollars." Complaint, Request for Relief, ¶ f.

Count VII: "Due Process Violation Under the Fourteenth Amendment (Complaint, ¶¶ 81-86): Plaintiff alleges that the Fourteenth Amendment's due process clause applies to "the arbitration process" (*see* Complaint, ¶ 82), "[t]he AAA failed to develop sufficient safeguards to remedy misconduct-pre and post award remedies" (Complaint, ¶ 84) and "[t]he AAA failed to investigate misconduct included in plaintiff's vacatur in state court which translates into minimum due process that should be afforded plaintiff." Complaint, ¶ 85. Plaintiff demands "compensatory damages in the amount of 2 million dollars." Complaint, Prayer for Relief, ¶ g.

# ARGUMENT

## . POINT I

### AAA IS IMMUNE FROM LIABILITY

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegation in the complaint are true.")

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Only where a complaint has "well-pleaded factual allegations, [should] a court assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court "is not bound to accept as true a legal conclusion couched as a factual allegation" or "mere conclusory statements" or "'[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).[6]

The Complaint fails to allege any plausible claim because AAA is absolutely immune, under any theory of liability, from suit for all acts or omissions occurring in the discharge of its arbitral administrative functions.

---

[6] Although a pleading of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest (*see Treistman v. Fed. Bureau of Prisons*, 459 F.3d 471, 474 (2d Cir. 2006), *pro se* plaintiff herein is an admitted attorney (see Complaint, p.1) rendering her ineligible for that deference.

"[A]rbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." *Austern v. Chi. Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir.), *cert. denied*, 498 U.S. 850 (1990). "The functional comparability of the arbitrator's decision making process and judgments to those of judges and agency hearing examiners generates the same need for independent judgment, free from the threat of lawsuits." *Id.* "[E]xtension of arbitral immunity to encompass boards [that] sponsor arbitration is a natural extension of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illus[ory]. It would be of little value to the whole arbitral immunity procedure to merely shift the liability to the sponsoring association." *Id.* at 888.

Plaintiff, unhappy with the Arbitrator's Final Award merely seeks to render the Arbitrator's immunity illusory by improperly shifting liability to the sponsoring organization, AAA. AAA, however, is fully immune under the doctrine of arbitral immunity.

Courts within the Second Circuit have extended arbitral immunity to encompass the role that arbitrators and AAA (and other arbitration organizations) play in a broad range of factual settings, claims, and requested relief, including claims alleging breach of contract, unfair process and statutory claims. *See e.g., Buhannic v. Amer. Arb. Ass'n*, 18 Civ. 2430 (ER) 2019 U.S. Dist. LEXIS 167073, at *5 (S.D.N.Y. Sept. 27, 2019) (when dismissing RICO claim against AAA and arbitrators, the court held: "Because the law is clear with regards to the doctrine of arbitral immunity, of which [plaintiff] was put on notice by the AAA defendants' motion to dismiss the complaint, the Court finds any further amendment futile and dismisses [plaintiff's] claim against the AAA Defendants with prejudice."); *Imbruce v. Am. Arb. Ass'n*, No. 15 Civ. 7508 (NRB), 2016 U.S. Dist. LEXIS 130579, at *3 (S.D.N.Y. Sept. 22, 2016) (dismissing a case alleging that AAA improperly acted when it no longer had jurisdiction, finding: "As with judicial immunity

and quasi-judicial immunity, arbitral immunity is essential to protect decision-makers and organizations that sponsor arbitrations from undue influence and to protect the decision-making process from reprisals by dissatisfied litigants."); *Landmark Ventures, Inc. v. Cohen*, 13 Civ. 9044 (JGK), 2014 U.S. Dist. LEXIS 165366, *3 (S.D.N.Y. Nov. 26, 2014), *appeal withdrawn*, No. 14-4599-cv, 2015 U.S. App. LEXIS 18894 (2d Cir. 2015) (in a case where the plaintiff sued an arbitrator and the arbitration organization for rendering unfair rulings and violations of the arbitrator's oath, the court dismissed the complaint, and imposed sanctions, stating: "under well-established Federal common law, arbitrators and sponsoring organizations have absolute immunity for conduct in connection with an arbitration"); *Weintraub v. Glen Rauch Sec. Inc.*, 419 F. Supp.2d 507, 517 (S.D.N.Y. 2005) ("[t]he breach of contract claim [against arbitrators] was [] frivolous because any reasonable attorney would have recognized that such a claim was barred by arbitral immunity"); *Newcomb v. Amer. Arb. Ass'n*, No. 13-cv-02468 (LAK)(KNF), 2014 WL 352826 (S.D.N.Y. Jan. 13, 2004) (report) (recommended dismissal of breach of contract claim against AAA alleging failure to properly administer an arbitration) adopted (Kaplan, D.J.), slip op. (S.D.N.Y. Feb. 5, 2014); *Yadav v. NY Stock Exch.*, 91 Civ. 2256 (CSH), 1992 U.S. Dist. LEXIS 11503, ** 3-4 (S.D.N.Y. Aug. 4, 1992) (after the plaintiffs successfully vacated an arbitration award, they sued the arbitration sponsoring organization for legal costs and mental anguish; the court dismissed the complaint on grounds of arbitral immunity), *aff'm* 2 F.3d 403 (1993) (table).

All of plaintiff's claims against AAA, whether couched as breach of contract, tort or statutory false advertising claims, derive from AAA's performance of acts within the scope of the arbitration process in plaintiff's contractually agreed-upon arbitration with Bloomingdales,

and constitute rank reprisal by a dissatisfied litigant, which claims should be dismissed on the ground of arbitral immunity.

New York Courts have similarly dismissed claims against arbitrators and arbitration organizations on the ground of arbitral immunity. *See Dowlah v. Amer. Arb. Ass'n*, 221 A.D.3d 426, 427 (1st Dep't 2023) (in a lawsuit alleging that AAA improperly appointed an arbitrator, the Court held that "[b]oth AAA and [the arbitrator] are protected by immunity, as their acts were performed in their arbitral capacity." (citing *Trojan v. Cipolla & Co.*, 172 A.D.3d 569, 569 (1st Dep't 2019); *Pinkesz Mut. Holdings, LLC v. Pinkesz*, 139 A.D.3d 1032, 1033-34 (2d Dep't 2016) (dismissed complaint where the plaintiff sought damages against arbitrators for tortious interference with contract, conversion and unjust enrichment") (citations omitted); *Siskin v. Cassar,* 122 A.D.3d 714, 718-19 (2d Dep't 2014) (affirming dismissal of complaint against AAA for breach of contract and negligence); *Jacobs v. Mostow*, 69 A.D.3d 575, 576 (2d Dep't 2010) (affirming dismissal of breach of contract claim) (citations omitted), *appeal dismissed* 15 N.Y.3d 889 (2010); *John Street Leasehold, LLC. v. Brunjes*, 234 A.D.2d 26, 26 (1st Dep't 1996) (affirming dismissal of fraud claim against an arbitrator for failure to disclose a conflict and citing *Austern*); *Wally v. Gen. Arbitration Council of the Textile & Apparel Indus.*, 165 Misc. 2d 896, 897-98 (Sup. Ct. N.Y. Co. 1995) (dismissing fraud and breach of contract claims against arbitration organization).

Courts in other federal circuits have also recognized arbitral immunity. *See e.g.*, *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1157-58 (10th Cir. 2007) (affirming dismissal of claims for breach of contract, mismanagement of arbitration and violation of rights against arbitration sponsoring organization, finding "[e]very other circuit that has considered the issue of arbitral immunity recognizes the doctrine") (collecting cases); *Int'l Med.*

12

*Group v. Amer. Arb. Ass'n*, 312 F.3d 833, 839, 842-845 (7th Cir. 2002), *cert. denied*, 540 U.S. 822 (2003) (dismissing claims against AAA for abuse of process, malicious prosecution, bad faith arbitration, injunctive relief and declaratory judgment on grounds of arbitral immunity); *New England Cleaning Servs., Inc. v. Amer. Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999) (affirming dismissal of claim against AAA under Massachusetts's unfair business practices statute for wrongfully accepting a claim for administration, holding "we agree with the district court that the AAA is protected by arbitral immunity from liability . . ."); *Honn v. Nat'l Ass'n of Sec. Dealers, Inc.*, 182 F.3d 1014, 11016-17 (8th Cir. 1999) (affirming dismissal of various federal constitutional, statutory claims and state common law claims against arbitration administrator, "'[a]rbitral immunity protects all acts within the scope of the arbitral process' . . .") (citations omitted); *Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (affirming dismissal of claims against arbitration organization for bias, failure to properly administer arbitration and conspiracy to harm a party to the arbitration; the court held that arbitration organization "enjoys arbitral immunity from civil liability for the acts of its arbitrators . . . ."); *Wasyl v. First Boston Group*, 813 F.2d 1579, 1580, 1582 (9th Cir. 1987) (affirming dismissal of breach of contract, gross negligence and intentional misconduct claims, holding "[t]he functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners, to whom immunity is extended, generates the same need for independent judgment free from threats of lawsuits"); *Corey v. NY Stock Exch.*, 691 F.2d 1205, 1208-09, 1211 (6th Cir. 1982) (affirming dismissal of mental anguish claim against arbitration organization, holding "[b]ecause federal policy encourages arbitration and the arbitrators are essential actors in furtherance of that policy, it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties and within their

jurisdiction.")); *Cherdak v. Am. Arbitration Ass'n*, 443 F.Supp.3d 134, 155-58 (D.D.C. 2020) (dismissing claims against AAA under the federal Declaratory Judgment Act and false advertising under Maryland statute on ground of arbitral immunity.)

In this case, all of the causes of action – whether cast as breach of an implied covenant of good faith and fair dealing, gross negligence or false advertising – are grounded in AAA's discharge of its arbitral functions and its alleged acts or omissions within the scope of its duties and jurisdiction. "In order to protect the decision-making process, courts should be wary of 'claim[s] [which], regardless of [their] nominal title, effectively seek to challenge [a] decisional act' made during the arbitration process." *Global Gold Mining, LLC v. Robinson*, 533 F. Supp.2d 442, 448 (S.D.N.Y. 2008) (quoting *Pfannenstiel*, 477 F.3d at 1159).

Indeed, the Complaint's foundation rests entirely on (1) plaintiff's dissatisfaction with the Final Award; and (2) plaintiff's allegation that AAA, as the arbitration administrator, failed to adequately investigate her speculative theory that there were some unspecified communications between Bloomingdales employees and the Arbitrator. No matter the nominal title plaintiff gives to her causes of action, her allegations complaining about AAA's administration of arbitrator disclosure are sufficiently related to the arbitral process to warrant absolute immunity

Plaintiff refers to two AAA publications and alleges that AAA violated their provisions. See Complaint, ¶¶ 19-20. AAA vigorously disagrees with that assessment, but, in any event, "[i]mmunity applies even if the [arbitration] organization violated its own rules." *Imbruce*, 2016 U.S. Dist. LEXIS 130579 at *8 (citing *Olson v. Nat'l Ass'n of Sec. Dealers*, 85 F.2d 381, 383 (8th Cir. 1996). *See also, Int'l Med. Group*, 312 F.3d at 843 (same).

AAA cannot be expected to administer arbitration disputes if it "can be caught up in the struggle between" plaintiff and Bloomingdales "and saddled with the burdens of defending a

lawsuit." *See Austern*, 898 F.2d at 1211 (quoting *Tamari v. Conrad*, 552 F.2d 778, 781 (7th Cir. 1977).

Finally, the Complaint is an improper collateral attack against the Final Award. Any issue concerning the integrity of the arbitration process can only be raised by plaintiff in judicial proceedings to vacate the Final Award against plaintiffs' true adversary Bloomingdales – not AAA. *See Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211 (6th Cir. 1982) ("[a]n aggrieved party alleging a due process violation in the conduct of the proceedings, fraud, misconduct, a violation of public policy, lack of jurisdiction, etc., by arbitrators should pursue remedies against suing the 'real' adversary through the appeal process. To allow a collateral attack against arbitrators and their judgments would also emasculate the appeal provisions of the federal Arbitration Act"); *see also Global Gold Mining*, 533 F. Supp.2d at 447 ("parties seeking 'review' of an arbitrator's ultimate decision do not normally sue the arbitrator; instead, they bring an action against the counterparties to the arbitration seeking to confirm or vacate the arbitrators' decision. *See* 9 U.S.C. §§ 9-12").

Plaintiff has had her day in court to challenge the Final Award in the New York state court proceedings. Those proceedings rejected her challenges to the Final Award. She cannot now evade the vacation provisions of the FAA or CPLR, and collaterally attack the confirmed Final Award by suing AAA. The Court should dismiss the Complaint.

## POINT II

### AAA RULES, AGREED TO BY PLAINTIFF IN HER ARBITRATION AGREEMENT WITH BLOOMINGDALES, BARS THIS ACTION

Additionally, the Court may take judicial notice of the Rules because they are publicly available (see www.adr.org) and their accuracy cannot be reasonably questioned. *See Apotex*

*Inc. v. Accorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016) ("we may properly take judicial notice of this document (without converting [the] motion to dismiss into a motion for summary judgment) because the [FDA's] Guidance [for Industry] is publicly available and its accuracy cannot be reasonably questioned").

Rule R-1 of the AAA Rules provides, in pertinent part, that "[t]he parties shall be deemed to have made these rules a part of their agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its *Employment Arbitration Rules and Mediation Procedures* . . ." Hecht Decl., Ex. B (AAA Rules) at p. 15. Thus, plaintiff and Bloomingdales made the AAA Rules a part of their arbitration agreement.

Rule, R-42 (d) of AAA Rules provides: "Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules." *Id.* at p. 30.

As the United States Supreme Court has acknowledged, "[t]he American Arbitration Association Rules. . . are not secondary interpretive aides that supplement [a court's] reading of the contract; they are prescriptions incorporated by the express terms of the agreement itself." *C&L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma,* 532 U.S. 411, 419 n.1 (2001). Thus, Rule R-42(d) is a prescription incorporated in plaintiff and Bloomingdales' arbitration agreement.

The courts enforce arbitration rules, including AAA's, barring lawsuits against the sponsoring organizations and its arbitrators (a rule consistent with arbitral immunity). *See e.g.*, *Imbruce,* 2016 U.S. Dist. LEXIS 130579 at *4-5 ("AAA Rule R-52(d) provides that '[p]arties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any

arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules'. . . Where parties have agreed to be bound by the rules of an arbitral organization, courts have enforced similar rules to bar claims against arbitrators and sponsoring organizations") (citations omitted); *Landmark Ventures*, 2014 U.S. Dist. LEXIS 165366, at *3 ("Because the alleged conduct falls directly within Article 40 of the ICC Rules, the parties agreed that the Arbitrator and the ICC would be immune from suit and this contractual provision is binding") (citations omitted)); *Kuruwa v. Am. Arbitration Ass'n*, No. 13-cv-2419 (PKC), 2013 U.S. Dist. LEXIS 79107, *1 (S.D.N.Y. Jun. 3, 2013) (dismissing complaint against AAA where plaintiff agreed under AAA rules to forego suit against AAA).

 *See, also*, *Seligman v. Allstate Ins. Co.*, 195 Misc. 2d 553, 555-56 (Sup. Ct. Nassau Co. 2003) ("The [arbitration] rules precluding lawsuits against arbitration tribunals and arbitrators have been upheld by the courts of this state and other jurisdictions.") (collecting cases)); *Hudnall v. Smith*, EP-21-civ-00106-FM, 2021 2019 111 Civ. LEXIS 13029, at *3-4 (W.D. Tex., Aug. 10, 2021) (parties agreed that "neither the AAA nor any arbitrator shall be liable to any party in any action for damages, injunctive or declaratory relief for any act or omission in connection with any arbitration under these rules," and court held that "[a]s a party to the arbitration agreement, Plaintiff is contractually obligated to accept the AAA limitations on civil liability."); *Vogt v. Am. Arbitration Ass'n*, No. CC-02-2019-C-94, 2019 U.S. Dist. LEXIS 185662, at *4 (W. Va. Cir. Ct. Jun. 22, 2019) ("Courts enforce AAA's Rules barring lawsuits against AAA and arbitrators…. In the instant case, independent of statutory and common law arbitral immunity, this Court has cause to enforce AAA's Arbitration Rules and dismiss the Complaint as against AAA.").

Accordingly, the Court should dismiss the Complaint under the authority of Rule R-42(d) because plaintiff expressly agreed and consented that AAA shall not be liable to her for any act or omission in connection with her Arbitration.

## POINT III

### PRINCIPLES OF RES JUDICATA AND COLLATERAL ESTOPPEL PRECLUDE THIS LAWSUIT

"Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. Cnty of Franklin*, 15 F.3d 245, 243 (2d Cir. 1994). Similarly, "[c]ollateral estoppel is an affirmative defense that may be raised on a motion to dismiss pursuant to Rule 12(b)(6)." *Marungo v. Coletti*, 23-cv-09655 (PMH), 2025 U.S. Dist. LEXIS 31632,*12 (S.D.N.Y., Feb. 20, 2025). Both the principles of *res judicata* and collateral estoppel fall within the ambit of the doctrine of claims preclusion.

It is a "settled rule" that a federal court should apply the preclusive effect of a state court judgment under "the laws of the State in which the judgment was entered" (*see Russo v. City of New York*, 705 Fed. Appx. 38,* 39 (2d Cir. 2017) (quoting *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984)). This rule applies in cases, such as the instant one, where the complaint alleges a federal claim not raised in the state court action. *See Russo*, 705 Fed. Appx. at 39 (relying on *Warren City,* 465 U.S. at 81).

As noted, the New York Supreme Court rendered final judgment denying plaintiff's petition to vacate and, instead, confirming the Final Award, which judgment was affirmed by the Appellate Division and the New York Court of Appeals denied plaintiff leave to appeal further. "New York has adopted a 'transactional approach' to claim preclusion." *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007) (citing *Gargiul v. Thompkins*, 790 F.2d 265, 269 (2d Cir. 1986). "A transactional approach dictates that '[o]nce a claim is brough to final conclusion, all other

claims arising out of the same transaction or series of transactions are barred.'" *Russo*, 705

Fed.Appx. at *39 (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981).

In her state court proceedings, plaintiff sought to vacate the Final Award by alleging that

the Arbitrator was impartial and biased toward Bloomingdales and her arbitration was unfair.

This is the identical allegation made herein. Both the state court proceedings and the instant

Complaint are based on the same transaction or series of transactions concerning the propriety of

the Final Award. Thus, although plaintiff now alleges a conclusory, non-factual allegation that

she only first learned two years after the issuance of the Final Award, and 1 ½ years after the

Supreme Court's judgment confirming the Final Award, of "an illicit relationship between the

arbitrator and Bloomingdales" which deprived her of a fair arbitration, the allegation is

insufficient to avoid the preclusive effect of the state court judgment because she is seeking to

collaterally attack the *final* judgment confirming the Final Award.

"Collateral estoppel precludes a party from relitigating in a subsequent action or

proceeding an issue raised in a prior action or proceeding and decided against that party or those

in privity[.]" *Buechel v. Bain*, 97 N.Y.2d 295, 303 (2001) (citing *Ryan v. N.Y. Tel. Co.*, 62

N.Y.2d 494, 500 (1984)).

"Two requirements must be met before collateral estoppel can be invoked. There must

be an identity of issue which has necessarily been decided in the prior action and is decisive of

the present action, and there must have been a full and fair opportunity to contest the decision

now said to be controlling. The litigant seeking the benefit of collateral estoppel must

demonstrate that the decisive issue was necessarily decided in the prior action against a party, or

one in privity with a party. The party to be precluded from relitigating the issue bears the burden

of demonstrating the absence of a full and fair opportunity to contest the prior determination."

*Buechel*, 97 N.Y.2d at 303-04 (internal citation omitted). *See also*, *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (1985) (same); *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 71 (1969) (same).

The issue in plaintiff's Supreme Court proceeding was whether the Final Award was proper or should be vacated based on alleged Arbitrator bias. The Supreme Court held that "[t]here is absolutely no evidence of bias against" plaintiff.

In the instant Complaint, Plaintiff seeks to hold AAA liable for allegedly failing to properly investigate bias on the part of the Arbitrator. The Supreme Court's determination that "[t]here is absolutely no evidence of bias" is decisive of the present action and requires dismissal of the Complaint.

Notably, the doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or cause of action are the same[.]" *Ryan v. New York Tel.*, 62 N.Y.2d 494, 499 (1984) (citations omitted). Here, plaintiff clearly raised the issue of arbitrator bias and challenged the integrity of the Final Award in the New York state court proceeding, the Supreme Court decided that issue against plaintiff, and the fact that this case is now in a different court and the Complaint's alleged claims for money damages alleged against AAA are not the same does not defeat the application of collateral estoppel herein

Plaintiff had a full and fair opportunity to litigate the issues concerning whether the Award was tainted by Arbitrator and Bloomindales' conduct. The Supreme Court's judgment denying plaintiff's petition to vacate and confirming the Final Award is final and undisturbed, precluding plaintiff's claims herein.

"The [collateral estoppel] doctrine, however, is a flexible one, and the enumeration of these elements is intended merely as a framework, not a substitute, for case-by-case analysis of the fact and realities. . . In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results.  No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings . . . ." *Buechel*, 97 N.Y.2d at 304.

The Court should not permit plaintiff to relitigate the issue of alleged Arbitrator bias raised by plaintiff in the Supreme Court proceeding and resolved by the Supreme Court. Considerations of fairness to the parties, conservation of judicial resources, and the societal interest of consistent and accurate results all speak to applying collateral estoppel and dismissing the complaint as against AAA.

*John Street Leasehold*, *LLC v. Brunjes*, 234 A.D.2d 26 (1st Dep't 1996) is directly on point. In *John Street*, the plaintiff had previously been a party to an arbitration proceeding where the defendant was the arbitrator who issued an award adverse to the plaintiff.   After a court confirmed the award in post-arbitration judicial proceedings, the plaintiff brought a separate action against the arbitrator for damages, alleging that the arbitrator failed to disclose a conflict during the arbitration and was liable for fraud. *See id.* at 26. The court in *John Street* affirmed the lower court's dismissal of the plaintiff's complaint, holding that "[a]rbitral immunity shields defendant from liability for acts performed in his arbitral capacity[7] . . . In any event, the [federal]

---

[7] *See* Point II, *infra*, discussing arbitral immunity.

District Court judgment confirming the results of arbitration is res judicata on the issues of arbitrator bias and misconduct that plaintiff seeks to raise herein." *Id.*

In the instant case, the Supreme Court denied plaintiff's petition to vacate the Final Award and entered judgment confirming the Award. The Supreme Court's judgment on the merits, affirmed by the Appellate Division is, *res judicata* on every issue raised by plaintiff in its Complaint against AAA.

*Dowlah v. Amer. Arbitration Ass'n*, 221 A.D.3d 426 (1st Dep't 2023) is further instructive. In *Dowlah*, the plaintiff (Dowlah) arbitrated a labor dispute against the City University challenging his employment dismissal. *See id.*, 221 A.D.3d at 426. AAA was the arbitration sponsoring organization. The appointed arbitrator denied Dowlah's claims and in a Final Award determined that his termination was proper. Dowlah then filed a proceeding in state court to vacate the award. *See id.* The court, however, denied his petition to vacate and entered judgment confirming the award. Dowlah then appealed, but the Appellate Division affirmed the lower court. *See id.*

After the Appellate Division's affirmance, Dowlah then filed a complaint alleging that his arbitration was unfair and wrongly decided and naming AAA and the arbitrator as additional defendants and demanding money damages. AAA moved to dismiss the case on grounds of arbitral immunity, *res judicata* and collateral estoppel. The Supreme Court dismissed the complaint against AAA on those grounds and when Dowlah appealed, the Appellate Division affirmed the dismissal.

The Appellate Division held that the complaint "was barred on the basis of res judicata and collateral estoppel." The court noted that Dowlah's argument in the second case was the same as the first, "that the arbitration award is invalid . . . the arbitration proceeding was

22

improper and . . . the findings by the arbitrator . . . were unsupported by the record and were

arbitrary and capricious . . . ." *See id.* at 426-427. The court held that the fact "[t]hat plaintiff has

pleaded different causes of action and included new parties [*i.e.*, AAA] is of no moment.

Although the parties in both actions are not identical, plaintiff, the party against whom preclusion

is sought, was a party in the earlier action[.]" *Id.* at 427 (citing *Rojas v. Romanoff*, 186 A.D.3d

103, 108 (1st Dep't 2020). The *Dowlah* court further reasoned that "[i]n addition, the current

claims are based on the same transaction as the earlier action, and are therefore barred even

though they are based on different theories." *Id.* (citations omitted).

In the instant case, plaintiff repeats her argument made in her first judicial proceeding

that the Final Award is invalid because the Arbitrator was biased and the Arbitration proceeding

was unfair. That AAA was not a party to the earlier case and that plaintiff is now pleading

different claims against AAA is of no moment because plaintiff, the party against whom

preclusion is sought, was a partier to the earlier case. In addition, plaintiff's current claims

against AAA are based on the same transactions as the earlier proceeding and are therefore

barred even though they are based on different theories. The Court should dismiss the Complaint

on grounds of *res judicata* and collateral estoppel.

## POINT IV

### THE COURT LACKS SUBJECT MATTER JURISDICTION

The Complaint alleges as its sole basis for subject matter jurisdiction is federal question

jurisdiction under 28 U.S.C, § 1331. *See* Complaint, ¶ 10. Plaintiff, however, fails to allege any

substantial issue of federal law. Importantly, plaintiff's Count VII, styled as "Due Process

Violations Under the Fourteenth Amendment" fails to allege a federal cause of action against

AAA as AAA is not a state actor. *See Amasike v. Geico*, 03cv0416(RO), 2003 U.S. Dist. LEXIS

9274, *2 (S.D.N.Y, Jun. 3, 2003) ("plaintiff argues that there is subject matter jurisdiction in this case under the Due Process Claus of the Constitution, alleging that his right to a 'fair hearing by an impartial and independent private panel' . . . In order to maintain a claim under the Due Process Clause of the Constitution, there must be state action. The complaint here makes no allegation that AAA . . . [is a] state actor[] and on that ground the complaint is dismissed.") *See also, Williams Law Group PLLC v. Am. Arbitration Ass'n*, No. CV-21-00149-PHX-GMS, 2021 U.S. Dist. LEXIS 149156, *3-4 (D.AZ., Jul 27, 2021) (dismissing complaint, with prejudice, against AAA, where the plaintiff alleged procedural and substantive due process rights under the United States and Arizona Constitutions, holding "[a]s Plaintiff's allegations arise from a private arbitration, there is no state action"); *Cort v. Am. Arbitration Ass'n, Inc.*, 795 F. Supp. 970, 973 (N.D. Cal. 1992) ("The protection of the Fourteenth Amendment extends only to scrutiny of state action . . . As the acts of AAA did not constitute 'state action', plaintiff cannot state a claim for violation of his due process rights."); *Matter of Snyder-Plax v. Amer. Arbitration Ass'n*, 196 A.D.2d 872, 875 (2d Dep't 1993), *lv. app. den.* 83 N.Y.2d 757, 615 N.Y.S.2d 874 (1994) (in a AAA case involving an arbitration for no-fault automobile accident benefits under New York State Insurance Law, the Appellate Division held that AAA is not a "body or officer" of the State of New York).

Although not pleaded by plaintiff, there is no basis to find diversity of citizenship jurisdiction, pursuant to 28 U.S.C 1331 because AAA is a citizen of New York and plaintiff appears to also be a citizen of New York,

### POINT V

### THE COMPLAINT FAILS TO PLEAD ANY PLAUSIBLE CLAIM

Additionally, the Complaint fails to allege state law causes of action. Plaintiff's Count IV for "punitive damages via breach of covenant of good faith and fair dealings" is unsupported by any well-pleaded factual allegations. Plaintiff fails to allege any fact to support a contract with AAA. Instead, plaintiff's arbitration agreement is with Bloomingdales. Plaintiff's relationship with AAA is equivalent to a litigant's relationship with this Court.

Furthermore, the Complaint does not set forth any well-pleaded factual allegations of "intentional and malicious treatment of plaintiff or wanton dishonesty suggestive of criminal indifference to civil obligations sufficient to support an award of punitive damages." *Jean v. Chinitz*, 163 A.D.3d 497, 498 (1st Dep't 2018) (citing *Johnson v. Proskauer Rose, LLP*, 129 A.D.3d 59, 73 (1st Dep't 2025).

Indeed, the Complaint merely alleges that long after the Final Award was issued, plaintiff requested AAA to conduct an investigation into her non-factual allegation that the Arbitrator had, at some non-specific time a non-specific "illicit relationship" which allegedly allowed the Final Award to be, or remain, confirmed. See *Jean v. Chinitz*, 163 A.D.3d 497, 498 (1st Dep't 2018) (plaintiff failed to allege facts to support punitive damages because "the pleading merely alleges that defendants were trying to conceal their negligence in having allowed plaintiff's medical practice action to be dismissed for non-compliance with discovery orders.").

Importantly, the essence of the Complaint is plaintiff's allegation that years after the rendering of the Final Award, when plaintiff allegedly demanded that AAA investigate the alleged "illicit relationship" between Bloomingdales and the Arbitrator, AAA failed to do so. Plaintiff further alleges that AAA has a contractual duty, in perpetuity, to investigate the

Arbitrator after the Final Award (*see* Complaint, ¶ 53. The Complaint is thus unsustainable under the doctrine of *functus officio.*

"The *functus officio* doctrine dictates that, once arbitrators have fully exercised their authority to adjudicate the issues submitted to them, their authority over those questions is ended and the arbitrators have no further authority to redetermine those issues." *T.Co. Metals, LLC v. Dempsey Pipe Supply, Inc.,* 592 F.3d 329, 342 (2d Cir. 2010). "The traditional rationale underlying this rule is that it is necessary to prevent re-examination of an issue by a nonjudicial officer potentially subject to outside communication and unilateral influence." *LLT Int'l, Inc. v. MCI Telecomms. Corp.,* 69 F.Supp.2d 510, 515 (S.D.N.Y. 1999) (internal quotation marks omitted).[8] Here, upon the rendering of the Final Award, AAA's authority to administer the arbitration has ended and, thereafter, no longer had any authority to address plaintiff's alleged complaints concerning the Arbitrator's disclosures.

The Complaint fails to include any well-pleaded allegation to support a false advertising claim under GBL §§ 349 and 350. "[P]arties claiming the benefit of this section [*i.e.*, GBL § 350] must, at the threshold, charge conduct that is consumer oriented. The conduct need not be repetitive or recurring, but defendant's acts or practices must have a broad impact on consumers at large; '[p]rivate contract disputes unique to the parties . . . would not fall within the ambit of the statute.'" *New York Univ. v. Cont'l Ins. Co.,* 87 N.Y.2d 308, 320 (1995) (quoting *Oswego*

---

[8] While the Second Circuit recognizes several exceptions to this doctrine, none are applicable here. *See Smarter Tools, Inc. v. Chongqing SENCI Import & Export Trade Co.*, 57 F.4th 372, 379 (2d Cir. 2023) (exceptions for when a court remands to arbitrators to clarify an ambiguous award or for guidance on how a court should enforce an award or when an award fails to address a latent contingency or is susceptible to more than one interpretation).

*Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995)). *See also Canario v. Gunn*, 300 A.D.2d 332, 333 (2d Dep't 2002) (same).

Plaintiff is not a "consumer" for purposes of GBL §§349 or 350. She filed a demand for arbitration under the terms of her private arbitration agreement with Bloomingdales and the Arbitration concerned an employment dispute unique to those parties.

Indeed, plaintiff fails to allege, by well-pleaded factual allegations, any practice directed at consumers at large, or having broad impact. Indeed, this is "not the 'modest' type of transaction the statute was primarily intended to reach . . . It is essentially a 'private' contract dispute" between plaintiff and Bloomingdales where they agreed to resolve their dispute under AAA Rules "which is unique to these parties, not conduct which affects the consuming public at large." *See NY Univ.*, 87 N.Y.2d at 320.

## CONCLUSION

The Court should grant AAA's motion and dismiss the Complaint with prejudice insofar as alleged against AAA.

Dated: New York, New York
      June 4, 2025

Respectfully submitted,

STRIKOWSKY DRACHMAN & SHAPIRO PLLC

By: _____
     Theodore L. Hecht
111 Broadway, Suite 1103
New York, New York 10006
Tel. No.: (212) 970-7111
*Attorneys for Defendant*
*American Arbitration Association, Inc.*

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1(c)

I, Theodore L. Hecht, an attorney duly admitted to practice law before the courts of the State of New York, hereby certify that this Memorandum of Law in Support of Motion to Dismiss Complaint complies with the word count limit set forth in Local Rule 7.1(c) because it contains 7,474 words, excluding the parts of the Memorandum of Law exempted by Local Rule 7.1(c). In preparing this certification, I have relied on the word-processing system used to prepare this Memorandum of Law.

Dated: New York, New York
      June 4, 2025

_____
Theodore L. Hecht