UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANNA PEZHMAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMERICAN ARBITRATION<br>ASSOCIATION and<br>BLOOMINGDALE'S, INC.,<br><br>                    Defendants. | 25-CV-3946 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Anna Pezhman, a licensed attorney proceeding *pro se*, filed this action against Defendants the American Arbitration Association ("AAA") and Bloomingdales, Inc. ("Bloomingdales") on May 12, 2025. Dkt. 1 (Compl.).[1] After Defendants each filed motions to dismiss, Plaintiff emailed her Amended Complaint to Defendants' counsel—but did not file it on the docket—on August 6, 2025.[2] Dkt. 32-3 (Am. Compl.). On September 23, 2025, the Court issued an order accepting the Amended Complaint as Plaintiff's operative pleading. Sept. 23, 2025 Order at 1. On September 19, 2025, Defendants each moved to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 32 (Bloomingdale's Mot.); Dkt. 34 (AAA Mot.). AAA also moved to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1). AAA Mot. at 1. Although only AAA raises the issue of subject-matter jurisdiction

---

[1] Although plaintiffs proceeding *pro se* are generally entitled to special solicitude as a *pro se* party, the Second Circuit has made clear that a lawyer representing herself is functionally entitled to "no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (collecting cases). Throughout her pleadings, Plaintiff claims to be a licensed attorney, signing her pleadings as "Esq." or "Esquire." *See, e.g.*, Dkt. 32-3 (Am. Compl.) at 16. A search of the D.C. Bar member directory reveals that an Anna Pezhman is an active bar member in good standing, having been admitted on October 20, 2010.

[2] The Court has previously instructed Plaintiff that she "must submit all future filings to the Court so that they can be publicly filed on the docket." Dkt. 36 (Sept. 23, 2025 Order) at 1. It further advised that "[f]ailure to do so may result in dismissal of this action for failure to prosecute and/or comply with Court orders." *Id*.

and Plaintiff's citizenship in its motion to dismiss, courts have an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Nat. Res. Def. Council, Inc. v. Wheeler*, 367 F. Supp. 3d 219, 232 (S.D.N.Y. 2019).

Before it can proceed to ruling on Defendants' motions under Rule 12(b)(6), the Court must first determine that it has subject-matter jurisdiction over Plaintiff's claims. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction). . . . Without jurisdiction the court . . . may not assume jurisdiction for the purpose of deciding the merits of the case."). Because Plaintiff is the "party invoking jurisdiction," she "bears the burden of establishing that jurisdiction exists." *HSCM Bermuda Fund Ltd. v. Newco Cap. Grp. VI LLC*, 619 F. Supp. 3d 434, 438 (S.D.N.Y. 2022).

Plaintiff raises one federal claim in the Amended Complaint—pled solely against AAA—but it is nonviable. She claims that AAA violated the Due Process Clause by "fail[ing] to develop sufficient safeguards to remedy [and investigate] misconduct." Am. Compl. ¶¶ 80–85. It is well-settled law, however, that "arbitrators are private actors" whose actions "are not subject to the Due Process Clauses of the Constitution." *Yonir Techs., Inc. v. Duration Sys. (1992) Ltd.*, 244 F. Supp. 2d 195, 208 (S.D.N.Y. 2002); *see also Weinraub v. Glen Rauch Secs., Inc.*, 399 F.Supp.2d 454, 463 (S.D.N.Y. 2005) (arbitrators do not act under color of state law for purposes of § 1983), *aff'd*, 180 F. App'x 233 (2d Cir. 2006) (summary order).

As Plaintiff's remaining claims all arise under state law, the Court only has subject-matter jurisdiction to the extent that there is complete diversity of citizenship between the parties, as is required by 28 U.S.C. § 1332. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). This means that for there to be jurisdiction, Plaintiff must have been a citizen of a different state than "all

2

defendants" at the time she initiated this action.  *Id.*

"An individual's citizenship is determined by his or her domicile."  *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014).  "In general, the domicile of an individual is [her] true, fixed and permanent home and place of habitation"—i.e., "the place to which, whenever [s]he is absent, [s]he has the intention of returning."  *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).  "Domicile requires (1) the party's physical presence in the state; (2) the intent to remain in that state indefinitely."  *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991).  "'Domicile' is not necessarily synonymous with 'residence'," and "one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  And although an individual may have several residences, "he or she can have only one domicile at a given time."  *Chappelle v. Beacon Communications Corp.*, 863 F. Supp. 179, 181 (S.D.N.Y. 1994).

For the purposes of § 1332, diversity "must exist at the time the action is commenced." *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018).  This means that even though Plaintiff subsequently filed an Amended Complaint, there must have been complete diversity between the parties as of the filing of the original Complaint, May 12, 2025.  *Reyes v. Sprint Holdings, LLC*, 2018 WL 3369672, at *4 (E.D.N.Y. July 9, 2018) (citizenship as of the filing of an original complaint, rather than an amended complaint, was the controlling date for determining whether court could exercise diversity jurisdiction).

There is no dispute that both Bloomingdales and AAA were citizens of New York at the time Plaintiff commenced this action.  Jurisdiction is only proper, therefore, if Plaintiff was *not* a citizen of New York on May 12, 2025 and was instead a citizen of Michigan.  Although the Court "must accept as true all material facts alleged in the [Amended Complaint] and draw all reasonable inferences in the plaintiff's favor" in deciding a motion to dismiss for lack of subject-matter

jurisdiction, *HSCM Bermuda Fund Ltd.*, 619 F. Supp. 3d at 439, Plaintiff's own filings in the case call into question whether she was a New York citizen as of that date.  As an initial matter, Plaintiff listed both a New York address and a Michigan address on the cover sheet to her original Complaint.  Dkt. 2 (Cover Sheet) at 1–2.  The summonses issued to Defendants—which Plaintiff never sought to correct—listed only her New York address.  Dkt. 3 (Summonses) at 1–2.   In the original Complaint, she described herself as a Michigan "resident," as opposed to a Michigan domiciliary or citizen, and did not make any further allegations to support Michigan citizenship. Compl. ¶ 8.  And on June 16, 2025, after the filing of the Complaint, she purported to file a sworn declaration in "New York, New York."  Dkt. 21 (Pl.'s June 16, 2026 Decl.).

Plaintiff alleges in the Amended Complaint that she "is a citizen of Michigan," having "moved back to Michigan to take care of her parents."  Am. Compl. ¶ 8.  She further alleges that she "took all steps to obtain a driving license which meant demonstrating sufficient contacts with Michigan," including "a bank account, [and] mail delivered to a Michigan address."  *Id.*  She also claims to have "chang[ed] her work address to Michigan for the purposes of e-discovery."  *Id.*  But none of these are sufficient to evince a "permanent" move to Michigan, *Martinez*, 461 U.S. at 331, and in any event Plaintiff does not allege that she took any of these steps before filing this lawsuit on May 12, 2025.  Furthermore, after AAA raised the issue of subject-matter jurisdiction in its motion to dismiss, Plaintiff did not offer any further evidence that she was a Michigan citizen at the time she filed this lawsuit.

## CONCLUSION

Accordingly, Plaintiff has not met her burden to show that jurisdiction exists over this case, because there is no allegation or evidence establishing that she was indeed a Michigan citizen at the time she initiated it.  **No later than July 20, 2026, Plaintiff shall file an affidavit with the Court, which shall provide further evidence as to her citizenship as of May 12, 2025.  She**

4

**shall, among other things, state when she moved to Michigan, whether she intends to remain there, what steps she took to establish her domicile there, and when she took those steps.  She should also state what her continued connections are to New York, whether she maintains a residence in New York, and what the status of her New York connections and residence were at the time she filed the original Complaint.**  Failure to timely file the affidavit will result in dismissal of this action for failure to prosecute and/or comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is once again advised that she may consent to electronic service to receive notifications of court filings by email, rather than relying on regular mail delivery. She may also request permission to file documents electronically. Forms and instructions for doing so—labeled "Consent to Electronic Service (for pro se cases)" and "Motion for Permission for Electronic Case Filing"—may be found by accessing the forms on the Court's website at nysd.uscourts.gov/forms. Unless and until she receives approval to file documents electronically, Plaintiff must send all filings and communications with the Court to the Pro Se Intake Unit located at 500 Pearl Street, Room 200, New York, NY, 10007.  The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at both her New York and Michigan addresses listed on the cover sheet to her original Complaint.

SO ORDERED.

Dated:    June 29, 2026
          New York, New York

Ronnie Abrams
United States District Judge

5